UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER CRAIG,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>UNIVERSUM COMMUNICATIONS, INC.,<br><br>　　　　　Defendant. | Case No. 20-cv-01284-HSG<br><br>**ORDER GRANTING MOTION TO REMAND AND DENYING REQUEST FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 19 |

Pending before the Court is Plaintiff Roger Craig's motion to remand this action to state court. Dkt. No. 19. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS** the motion.

**I.　BACKGROUND**

Plaintiff filed this action in San Mateo Superior Court on September 4, 2018.[1] Dkt. No. 1, Ex. A ("Initial Compl."). In the initial complaint, Plaintiff named four co-defendants: "Universum, a business entity"; "Stepstone, a business entity"; "Jeff Berger, an individual"; and "Petter Nylander, an individual." *Id.* at ¶¶ 1, 4. Plaintiff alleged causes of action for (1) breach of contract; (2) breach of fiduciary duty; and (3) a common count for recovery of money owed. *See id.* at ¶ 8. Plaintiff alleged that the parties entered into a written agreement, with Plaintiff investing "$30,000 in exchange for 50,733 shares of Series A preferred stock." *See id.* at BC-1. However, according to the initial complaint, Defendants repudiated the contract in January 2018. *See id.* at BC-2. Plaintiff further alleged that Defendants owed duties and obligations to Plaintiff

---

[1] Because the state court docket does not have numbered entries, where needed, the Court refers to state court filings by the document name and date of filing.

as an investor and shareholder, and that they "breached their fiduciary duties, as officers and directors of the company." *See* IT-1. Plaintiff alleged that he is entitled to "30,000+" as "the reasonable value . . . due and unpaid." *Id.* at CC-2.

Plaintiff filed the initial complaint as an "unlimited civil case" that "exceeds $25,000." *See id*. at CC-1. However, Plaintiff did not specify the precise amount of damages at issue. Rather, Plaintiff sought damages in an amount "TBD at trial," as well as interest and attorneys' fees according to proof at trial. *Id.* at CC-2. Plaintiff also demanded an inspection of Defendants' books and records. *Id.*

Plaintiff served Defendants "Universum," "Stepstone," and "Petter Nylander" on September 24, 2018. *See* Dkt. Nos. 19-3, 19-4, 19-5, Exs. B–D. All parties were served at the same building in New York, left in the care of a "person in charge of office." *Id.* On October 29, 2018, Defendant Jeff Berger entered a Motion to Quash Service of Summons, claiming that he was not an officer, director, or employee of any of the named Defendant entities, and had no relation to the investment underlying Plaintiff's complaint. *See* Decl. of Jeff Berger in Support of Motion to Quash Service of Summons at ¶¶ 3–6, *Craig v. Universum*, No. 18CIV04714 (Cal. Super. Ct. Oct. 29, 2018). On November 9, 2018, default was entered against Defendants Universum, Stepstone, and Petter Nylander. *See* Request to Enter Default ("Default"), *Craig v. Universum*, No. 18CV04714 (Cal. Super. Ct. Nov. 9, 2018). Plaintiff additionally filed, and was granted, a request for dismissal of Defendant Jeff Berger. *See* Request for Dismissal Partial for Multiple Parties with Prejudice, *Craig v. Universum*, No. 18CIV04714 (Cal. Super. Ct. Jan. 15, 2019).

On August 23, 2019, Plaintiff sought leave to file an amended complaint. *See* Decl. of Plaintiff's Counsel ISO Motion for Leave to File a First Amended Complaint, *Craig v. Universum*, No. 18CIV04714 (Cal. Super. Ct. Aug. 23, 2019). At the time, Plaintiff indicated that he had identified "clerical errors in the names of the entities" comprising Defendant parties, and that the proper name of Defendant "Universum" was "Universum Communications Sweden AB." *See id.* at ¶ 6. Plaintiff stated that he had repeatedly tried to reach out to Universum to see if it intended to participate in this litigation but received no response. *See id.* at ¶ 7. Plaintiff's counsel also

referenced newly "discovered allegations and law to support an additional cause of action" for fraud and punitive damages. *Id.* at ¶ 8. Plaintiff formally filed the complaint on November 13, 2019. *See* Dkt. No. 1, Ex. B ("FAC"). The FAC was filed against Universum Communications Sweden AB, Stepstone GmbH, Petter Nylander, and Does 1–10. *Id.* at CC-1. In the FAC, Plaintiff alleged that he had made a $32,399.85 investment in a venture of Defendants' based on "representations, projections, and assurances made by Defendants," and an "expected return . . . in the amount of $291,598.65. *Id.* at CC-3.

On January 21, 2020, Plaintiff filed an *ex parte* application to substitute the true names of the Doe Defendants, adding Defendants "Universum Communications Inc.," and "Universum Communication Holding Inc." *See* Dkt. No. 1 at 23, 24, Ex. C. The state court granted this request, and Defendants Universum Communications Inc. and Universum Communication Holdings Inc. were served with the FAC on January 30, 2020. *See* Proof of Service re First Amended Complaint at 3, *Craig v. Universum*, 18CIV04714 (Cal. Super. Ct. Jan. 30, 2020). Counsel for newly-served Defendants accepted service on February 14, 2020. *See* Dkt. No. 1 at ¶ 7.

On February 20, 2020, approximately a year and a half after Plaintiff filed the initial complaint in state court, Defendant Universum Communications, Inc. removed the case to federal court, invoking federal diversity jurisdiction under 28 U.S.C. § 1332. Dkt. No. 1. Plaintiff now moves to remand the action back to state court, arguing that removal was time-barred under 28 U.S.C. § 1446(c)(1). *See* Dkt. No. 19.

**II.    LEGAL STANDARD**

    **A.    Removal Jurisdiction**

A defendant may remove any civil action to federal court where the district court would have original jurisdiction over the action. 28 U.S.C. § 1441; *see also Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). To do so, a party seeking removal must file a notice of removal within 30 days of either receiving (1) the initial pleading or (2) "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(1), (b)(3). The notice must contain a "short and plain statement of the

3

grounds for removal." *Id.* § 1446(a).

The removing party bears the burden of establishing removal jurisdiction. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683–85 (9th Cir. 2006); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (noting that there is a "'strong presumption' against removal jurisdiction," and the removing party "always has the burden of establishing that removal is proper"). A plaintiff may seek to remand a case to the state court from which it was removed if the district court lacks jurisdiction or if there was a defect in the removal procedure. *Id.* § 1447(c).

### B. One-Year Removal Bar

Removal is generally barred when notice is filed more than one year after commencement of the initial action in state court. *Id.* § 1446(c)(1). However, this one-year bar does not apply to later-added defendants when a claim is removable on the face of the initial complaint. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1317 (9th Cir. 1998). Additionally, the one-year bar, even if applicable, may be tolled if the "district court finds that plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. 1446(c)(1). Bad faith may be found when "the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal." 1446(c)(3)(B).

### III. DISCUSSION

Defendant removed this action based on diversity jurisdiction more than a year after the initial complaint was filed in state court.[2] Plaintiff contends that removal was untimely under 28 U.S.C. § 1446(c)(1) because the amount-in-controversy was not apparent from the face of the initial complaint. *See* Dkt. No. 19. Rather, it only became apparent that the amount-in-controversy exceeded the jurisdictional threshold 12 months later, when the FAC was filed in September 2019. *Id.* In the FAC, Plaintiff sought $291,598.65 in damages and $1,166,394.60 in punitive damages, as well as attorneys' fees and costs, for his claims for breach of contract, breach of fiduciary duty, fraud, and a common count for money had and received. *See* FAC.

---

[2] Defendant alleged that jurisdiction existed because the action is one "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states" 28 U.S.C. § 1332(a).

4

In response, Defendant notes that the removal bar does not apply at all to actions that are removable on the face of the initial complaint. *See* 28 U.S.C. § 1446(b)(3); *see also Ritchey*, 139 F.3d at 1316 (holding that only cases that become removable "sometime after the initial commencement of the action" are "barred by the one-year exception"). Defendant further argues that it timely removed this action because the scope of damages Plaintiff seeks in the FAC demonstrates that the initial complaint, premised on similar causes of action and the same course of conduct, was removable on its face. *See* Dkt. No. 21 at 2–6. The Court first addresses whether the one-year removal bar in § 1446(c)(1) applies at all, and then turns to whether Plaintiff may have acted in bad faith in obscuring the amount-in-controversy when he initially filed this action.

### A. One-Year Removal Bar

Plaintiff's initial complaint did not specify the amount of damages he sought in this action. Instead it alleged damages "TBD at trial," as well as attorneys' fees and costs according to proof at trial. *See* Initial Compl. at CC-2. The only indication about the scope of possible damages was Plaintiff's allegation that he invested $30,000 in exchange for stock. *See id.* at BC-1. The amount-in-controversy was thus "indeterminate" on the face of the initial complaint. *See Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) (finding indeterminate pleadings where "it is unclear from the complaint whether the case is removable, i.e., the citizenship of the parties is unstated or ambiguous").

Under such circumstances, Defendant bears the burden of putting forward a "plausible allegation that the amount-in-controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (holding that § 1446(a)'s requirement of a "short and plain statement of the grounds of removal" tracks the liberal pleading standards of the Federal Rules of Civil Procedure and only requires a "good-faith," plausible claim). And here, where Defendant contends that the one-year removal bar does not apply, Defendant must establish that the amount-in-controversy exceeded the jurisdictional threshold on the face of the initial complaint. *See Ritchey*, 139 F.3d at 1317; *see also Harris*, 425 F.3d at 694 (holding that removability under § 144(b) is "determined through examination of the four corners of the applicable pleadings . . . ."). Although Defendant is not required to submit outside evidence,

5

1  "conclusory allegations as to the amount in controversy are insufficient." *Mathewson v.*
2  *Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003) (remanding for
3  consideration of jurisdiction where "[t]he complaint seeks 'in excess' of [$30,000] . . . but how
4  much 'in excess' is not explained" ); *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920,
5  925 (9th Cir. 2019) (discussing amount-in-controversy in the context of CAFA jurisdiction).
6  Rather, Defendant must provide "reasonable assumptions" about the amount-in-controversy that
7  are grounded in the initial complaint. *See Arias*, 936 F.3d at 925; *see also Harris*, 425 F.3d at 694.

8        Here, Defendant's notice of removal relied entirely on the amount-in-controversy alleged
9  in the FAC and did not make any effort to explain how this amount-in-controversy was "founded
10 on the allegations of" the initial complaint, filed over one year prior. *See Arias*, 936 F.3d at 925.
11 Similarly, in opposition to Plaintiff's motion to remand, Defendant's brief is short on discussions
12 of the initial complaint. Defendant asserts that Plaintiff could not "credibly contest" that the
13 amount-in-controversy in the initial complaint was more than $75,000 because of the significant
14 damages (totaling over $1 million) alleged in the FAC. *See* Dkt. No. 21 at 3, n.5. In doing so,
15 however, Defendant has flipped the proper analysis on its head. Under § 1446(c)(1), the question
16 is not whether the case is *currently* removable, but rather whether it was removable *on the face of*
17 *the initial complaint* when filed in state court. *Ritchey*, 139 F.3d at 1317. To the extent Defendant
18 suggests that it ascertained the amount-in-controversy from "an amended pleading, motion, order
19 or other paper," *see* 28 U.S.C. § 1446(b)(3), and not from the face of the initial complaint, *see id.*
20 § 1446(b)(1), then the case was not removable on the face of the complaint and the one-year bar
21 under § 1446(c)(1) applies by its own terms. *See id.* § 1446(c)(1) ("A case may not be removed
22 under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year
23 after commencement of the action . . . .").

24       Critically, Defendant does not offer any explanation as to how an amount-in-controversy
25 sufficient to support removability was plausible based on the allegations in the initial complaint.
26 Defendant suggests, without support, that because "[e]ven if Plaintiff recovered only a 'moderate'
27 amount" on his claims, the combination of damages and attorneys' fees would eclipse $75,000.
28 *See* Dkt. No. 21 at 3. Defendant offers no analogous cases or information from which the Court

6

could draw such a conclusion. *Cf. Rahimi v. Crossroads Hospitality Co. LLC,* 2:19-cv-10661-SVW-AS, 2020 WL 1042512 at *2 (C.D. Cal. March 2, 2020) (denying remand in wage and hour case where defendants presented "unrebutted evidence" establishing "damages based on earnings given Plaintiff's prior work schedule and hourly rate . . . ."); *Barnes v. Target Corp.*, No. EDCV 20-00831JVS(SPx), 2020 WL 3469266 at *4 (C.D. Cal. June 25, 2020) (granting remand because "[w]ithout . . . explanation as to how [the defendant] reached each figure, the Court cannot verify whether the adjusted amount in controversy totals are anything other than 'mere speculation' or 'conjecture'"); *Jaramillo v. Ott*, No. EDCV 20-330 PA (KKx), 2020 LEXIS 32872 at *4 (C.D. Cal. Feb. 24, 2020) (finding that removing defendant "failed to sufficiently support the Notice of Removal's allegations" and granting remand where "[n]either the Complaint nor the Notice of Removal alleges any evidentiary facts concerning the nature of Plaintiff's injuries . . . ."). Without knowing the scale of Defendants' alleged breach, the growth in value of the stock that Plaintiff was to receive in exchange for this investment, or the amount of attorneys' fees in similar cases, the Court cannot say that the initial complaint plausibly established on its face that the breach of contract, breach of fiduciary duty, and common count causes of action would exceed $75,000.

The Court therefore finds that Defendant has not met its burden of establishing that removal was proper and timely. To the extent Defendant suggests that Plaintiff may have strategically omitted information about the amount-in-controversy from his initial complaint, this does not empower the Court to consider the FAC as if it were incorporated into the initial complaint. Still, the Court addresses such concerns as part of the bad faith exception to the one-year ban in Section III.B below.

**B. Bad Faith**

Even if the one-year bar would otherwise preclude removal, § 1446(c)(1) does not apply where "the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *See also* 28 U.S.C. § 1446(c)(3)(B) ("If . . . the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith").

The Ninth Circuit has raised concerns about ensuring fairness for defendants who are

7

1   added to an action late. *See Destfino v. Reiswig*, 630 F.3d 952, 955 (9th Cir. 2011) (holding that
2   preventing later-served defendants from removing actions to federal court "could deprive some
3   defendants of their right to a federal forum . . . and encourage plaintiffs to engage in unfair
4   manipulation by delaying service on defendants most likely to remove"). Nonetheless, "[b]ecause
5   the removing defendant has always borne the burden of establishing federal jurisdiction, the
6   defendant bears the burden of proving that the plaintiff acted in bad faith." *Lindquist v. Target*
7   *Corp.*, No. 19-cv-08029-HSG, 2020 WL 789568 at *1 (N.D. Cal. Feb. 18, 2020). Although the
8   Ninth Circuit has not established an exact standard for determining bad faith under § 1446(c)(1),
9   lower courts generally have found that it "sets a high threshold." *NKD Diversified Enterprises*
10  *Inc. v. First Mercury Ins. Co.*, No. 1:14-cv-00183-AWI-SAB, 2014 WL 1671659 at *3 (E.D. Cal.
11  Apr. 28, 2014) (citations omitted); *see, e.g.*, *Craig v. MTD Products Co.*, No. 2:16-cv-00480-
12  TLN-EFB, 2020 WL 6090899 at *3 (E.D. Cal. Oct. 18, 2018) (finding bad faith when, after
13  defendant had made multiple attempts to determine the amount of damages at stake, plaintiff
14  "refused to provide defendant with any information" and only served defendant with the full
15  damages claim after the "30-day time limit had elapsed"); *Heller v. American States Insurance*
16  *Co.*, No. CV 15-9771 DMG (JPRx), 2016 WL 1170891 at * 3 (C.D. Cal. Mar. 25, 2016) (finding
17  bad faith when plaintiff did not produce "sufficient evidence of . . . diligence" after failing to
18  effect service upon the removing defendant within a year of the action commencing in state court).

19  Defendant contends that Plaintiff acted in bad faith, pointing to the dearth of information in
20  the initial complaint and the timing of the amendments. *See* Dkt. No. 21 at 6–8. More
21  specifically, Defendant notes that Plaintiff did not amend the complaint to include the fraud cause
22  of action or a more detailed breakdown of the damages he sought until November 2019, over a
23  year after he filed the initial complaint. *Id.* And Plaintiff did not add Defendant Universum
24  Communications, Inc. as a party until January 2020. *See* Dkt. No. 1 at 23, 24, Ex. C. Defendant
25  argues that the timing of the FAC and serving Defendant Universum Communications, Inc. is
26  suspicious because these amendments fell outside the one-year removal ban under § 1446(c)(1),
27  and Plaintiff offers no explanation for the delay. Dkt. No. 21 at 7.
28  The Court understands Defendant's frustration that it was not included in this action until

after the case had been pending in state court for over a year. However, Plaintiff has explained, both here and to the state court, that it took time and research to determine the true name of Defendant Universum Communications, Inc. *See* Dkt. No. 23 at 5–6. The state court docket indicates that Plaintiff attempted to serve the correct entities. *See Wang v. Foot Locker Retail, Inc.*, No. CV 19-07385-CJC, 2019 WL 5389866 at *3 (C.D. Cal, Oct. 21, 2019) (granting remand and refusing to find bad faith when "there [was] every indication that [p]laintiff tried to serve that entity" and when "there [was] not enough evidence for the [c]ourt to conclude that [p]laintiff's failure to . . . prosecute the case" reflected an intentional or reckless attempt to prevent removal). Indeed, Plaintiff served several different "Universum" entities as well as the holding company believed to have acquired them, though none appeared in the state court action and default was entered against them in November 2018. *See* Default, *Craig v. Universum*, No. 18CV04714. As for the amount-in-controversy that was explained in more detail only in the FAC filed in 2019, Defendant offers nothing but speculation as to why this was not included in the initial complaint. This is insufficient.

On the basis of the record before it, the Court does not find that Plaintiff acted in bad faith. Thus, § 1446(c)(1) applies, and the Court finds that Defendant's notice of removal was untimely.

### C.   Attorneys' Fees

Plaintiff seeks attorneys' fees under § 1446(c) for Defendant's untimely removal. *See* Dkt. No. 19 at 8–9. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Although the Court ultimately disagreed with Defendant's reasoning that removal was timely in this case, the Court does not find that Defendant's arguments were frivolous. Thus, the Court declines to award attorneys' fees under these circumstances.

### IV.   CONCLUSION

Accordingly, the Court **GRANTS** the motion to remand and **DENIES** Plaintiff's request for attorneys' fees. The case is remanded to San Mateo Superior Court. The clerk is directed to

9

close the case.

**IT IS SO ORDERED.**

Dated: 8/11/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge